NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0755n.06
Filed: December 11, 2008

No. 07-4328

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **LORI SHANK,** | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| *Plaintiff-Appellant*, | ) THE NORTHERN DISTRICT OF |
| | ) OHIO |
| v. | ) |
| | ) **O P I N I O N** |
| **MIKE JOHANNS,** Secretary of Agriculture, | ) |
| | ) |
| | ) |
| *Defendant-Appellee.* | ) |
| | ) |

BEFORE:     COLE and COOK, Circuit Judges; EDMUNDS, District Judge.[*]

**COLE, Circuit Judge.**  Plaintiff-Appellant Lori Shank filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against her employer, Defendant-Appellee Secretary of Agriculture, Mike Johanns (the "Secretary"), alleging discrimination on the basis of sex. She sought damages and injunctive relief as a result of alleged sexual harassment, denials of transfers, forced reassignments, and retaliation. By consent, the case was referred to a magistrate judge, who granted summary judgment for the Secretary and entered judgment in his favor.

We review a grant of summary judgment de novo. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006). The moving party is entitled to summary judgment "if the pleadings,

_____

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). We view factual evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 487 (6th Cir. 2006). Summary judgment is not appropriate if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 251-52.

With respect to Shank's sex discrimination and sexual harassment claims, the district court concluded that only those incidents that were timely reported to an Equal Employment Opportunity Counselor were preserved, and that Shank's otherwise-defaulted claims did not merit equitable tolling. On Shank's timely claim—a discrimination claim based on the denial of her application for reassignment and promotion in 2002—the court concluded that Shank had failed to make out a prima facie case of sex discrimination and, in any case, had failed to rebut the Secretary's proffered reason for denying her request: that no available position existed at the time of her application. As to Shank's claim that her files were discarded in retaliation for her filing of a complaint, the court concluded that Shank had failed to establish a prima facie case because she could not establish causation and because she could not show that she had suffered a qualifying adverse employment action.

After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court was correct in its conclusion that the Secretary was entitled to summary judgment. As the district court's opinion correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this Court

would serve no useful purpose. Accordingly, for the reasons stated in the district court's

memorandum decision and order, we **AFFIRM**.